IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLES ROSS STONE                                                                                      PLAINTIFF

v.                                          CIVIL NO. 22-5237

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Charles Ross Stone, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on March 16, 2019, alleging an inability to work since August 2, 2017, due to generalized epilepsy and intractable epilepsy. (Tr. 226, 316). An administrative telephonic hearing was held on August 18, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 199-223).

By written decision October 9, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 44). Specifically, the ALJ found Plaintiff had the following severe impairments: seizures and hand tremors. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of

1

Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 45). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant cannot climb ladders, ropes or scaffolds. The claimant should avoid all exposure to unprotected heights, open bodies of water or flames, and hazardous machinery. The claimant should have no jobs requiring the operation of a motorized vehicle to perform the actual job duties. The claimant can frequently handle and finger.

(Tr. 45). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a massage therapist. (Tr. 48).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff denied that request on October 29, 2021. (Tr. 25-30). Subsequently, Plaintiff filed this action. (ECF No. 1). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and

one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issue on appeal: 1) The ALJ erred in finding Plaintiff did not meet or equal Listing 11.02. (ECF No. 10). Defendant argues the ALJ properly considered all of the evidence and the decision was supported by substantial evidence. (ECF No. 12).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. With respect to Listing 11.02, Plaintiff has the burden of demonstrating his impairments meet and/or equals all the requirements of a given Listing. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). After reviewing the record, the Court finds substantial evidence supporting the ALJ's determination that Plaintiff's impairments did not meet or equal Listing 11.02.

With respect to Plaintiff's RFC, the ALJ considered the medical assessments, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform work at all exertional levels with limitations. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis for his finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL

3

4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 17th day of November 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE